IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | : | |
| Kimberley E. Allen | : | Case No.19-20912GLT |
| | : | Chapter 13 |
| Debtor(s) | : | |
| Ronda J. Winnecour, Chapter 13 Trustee | : | Re Doc.44 |
| Movant(s) | : | |
| | : | |
| vs. | : | |
| No Respondents | : | |
| | : | Hearing Date 7/03/2019 |
| Respondent(s) | | |

## TRUSTEE'S REPORT TO THE COURT

Ronda J. Winnecour, Chapter 13 Trustee, respectfully represents the following:

1. The bankruptcy petition was filed on March 8, 2019.

2. Ronda J. Winnecour is the Chapter 13 Standing Trustee.

3. Debtor filed an Application to pay filing fee in installments.

4. The Order granting the application indicates the fee is due by July 8, 2019.

5. The confirmed plan includes a provision for the filing fee.

6. The plan was confirmed on an interim basis on May 9, 2019.

7. The confirmation order was entered on the Trustee's system by a case administrator on June 17, 2019.

8. The fee was paid on June 25, 2019 in the routine monthly distribution.

9. The Office of the Chapter 13 Trustee is primarily a financial institution charged with the responsibility of distributing entrusted to funds received from debtors to creditors in a manner that ensures accuracy and integrity.

10. As the Court is aware, the Office is entirely funded by the debtors in the Western District of Pennsylvania.  (This Office has also received funds resulting

from sanctions imposed on creditors in recent years that are used to fund the routine operations of the trusteeship but the real revenue stream is the trustee's fees charged to the debtors).

11. This Trustee manages the second largest trusteeship in the country, receiving and disbursing over $100,000,000 per year.

12. The Trustee is also required to maintain internal controls with regard to the funds she holds and the cases she manages.

13. Until recently, the Trustee was not responsible for the payment of the Court filing fee in any case.

14. Some Chapter 13 plans now incorporate the Court filing fee and this Court has clearly ruled that the payment of the filing fee (if not paid at the time of filing) is the responsibility of this office.

15. The plan and all court orders are entered into the Trustee's internal system by the case administration and claims departments.

16. Plan payments are entered into the Trustee's internal system by the accounting department. Individuals who are responsible for noting the receipt of funds are not allowed parameters to distribute these funds. The screens and the case notation indicating that a filing fee has not been paid are not visible to the accounting department at the time funds are posted.

17. Therefore, the accounting department is not aware that the filing fees haven't been paid.

18. Also the Trustee has long been discouraged (by the Clerk, acting at the direction of the Administrative Office) from the use of PACER and the live access to the Court's system in order to enable productive PACER usage to the public.

19. Therefore, everything is done from a downloaded back-up internally. With the download, pleadings are routed automatically to the appropriate staff member based on combinations of event codes and case numbers.

20. In order to effectuate the payment of filing fees through this office, a single employee now receives all Applications to Pay Filing Fee in Installments and all of the Orders and routes those to the legal department.

21. However, when the Applications and Orders are received and processed there is no money on hand because the plan payments are not yet due.

22. And the internal system now contains an alert to those individuals responsible for enabling distribution of funds to pay the filing fee before any funds drop to other creditors.

23. The Trustee avers that in this case the process was timely. There was only one distribution cycle between the entry of the interim confirmation order and the payment of the filing fee to the Clerk.

24. The Trustee submits that this process is much more complicated than it appears because she is actually trying to incorporate the Court's directive into existing (and required) procedures.

25. The procedures enacted over the last few months should result in accurate payment of the fees to the Clerk (when they are authorized by the Court) ahead of all other creditors.

26. However, as with all other creditors, it is only administratively practical (and the only accurate method of disbursing funds) to enable those funds to move in the ordinary distribution following an order of adequate protection, confirmation, dismissal or conversion of the case. (Interim confirmation is sufficient and the

Trustee's staff attorneys have been instructed to recommend interim confirmation for the sole purpose of paying that fee.

27. Here, payment of the filing fee was timely according to the confirmed plan and the order granting the Application.

WHEREFORE, the Trustee so reports to the Court.

Respectfully Submitted,

6-28-2019　　　　　　　　　　　　　　/s/ Ronda J. Winnecour
　　　　　　　　　　　　　　　　　　Ronda J. Winnecour (PA I.D. #30399)
　　　　　　　　　　　　　　　　　　Attorney and Chapter 13 Trustee
　　　　　　　　　　　　　　　　　　U.S. Steel Tower – Suite 3250
　　　　　　　　　　　　　　　　　　600 Grant Street
　　　　　　　　　　　　　　　　　　Pittsburgh, PA  15219
　　　　　　　　　　　　　　　　　　(412) 471-5566
　　　　　　　　　　　　　　　　　　cmecf@chapter13trusteewdpa.com